OPINION
This appeal is taken by Appellant Jessica Utz from the decision of the Court of Common Pleas finding her child Kade Anderson Utz dependent and abused and awarding custody of the child to Travis Utz, the natural father.
In August of 1999 while residing in North Carolina, Jessica Utz separated from her husband, Travis Utz, and she and her child, Kade Utz, moved in with boyfriend Phillip Knox. Jessica expressed a desire to return to her home in Ohio to attend college. Prior to leaving North Carolina Jessica called her mother, Sara Awbrey, and asked if she, Kade and Phillip could stay with her until Phil found a job. Sara Awbrey agreed to let them stay with her until they got on their feet. Upon arrival in Ohio Jessica enrolled as a full time student and Phil began seeking employment. Kade went to school with his mother most of the time and Sara Awbrey often babysat when Phil and Jessica went out.
On September 29, 1999, Sara Awbrey and Jessica Utz got into an argument about Jessica and Phil's care of Kade. The grandmother alleged that Kade slept too much and needed more activity and Jessica was upset that Sara was so controlling and gave Kade too many sweets. The argument escalated and the police arrived. Sara Awbrey asked the officer to escort Jessica, Phil and Kade out of her home, as they were no longer welcome. As they were being led out Jessica tried to retrieve some of her personal belongings that were still in the house. However, she was unable to do so and was left with no money and no identification.
Jessica, in order to provide shelter for her son Kade, phoned a friend of hers from high school, Becky Smith. Becky, who was living with her fiancé Jim Herder, told Jessica she could stay at her house for the evening. Once at Becky's Jessica, Phil and Kade ate dinner. After dinner Jessica, Phil and Jim were sitting around the dining room table talking when Jessica noticed Kade had momentarily disappeared. Phil got up from the table to look for him. Before Phil could reach the stairway that lead to the second floor Jim, Jessica and Phil heard a loud thump followed by piercing cries. Phil arrived at the stairway to find that Kade had fallen down the stairs. He picked Kade up to make sure he was all right and then gave him to his mother.
A few hours after the incident Jessica noticed that Kade's face appeared to be bruised and swollen. The swelling appeared to be of the sort caused by Kade's frequent allergic reactions to cigarette smoke and to cats. The next day Jessica, Kade and Phil moved in with Connie Estep, Jessica's former stepmother. Once there Connie and Jessica both contacted Jessica's father to set up a permanent living arrangement.
Once settled in her father's home, a few days later Jessica received a notice of a shelter care hearing concerning the health and welfare of Kade. After the Shelter care hearing on October 13, 1999, Kade was committed to the temporary custody of Sara Awbrey, his maternal grandmother. A formal hearing concerning the permanent custody of Kade Utz was held on October 13, 1999. After the presentation of evidence the trial court found that Kade Utz was abused and dependent and pursuant to R.C. 2151.35 ordered that permanent custody be granted to Kade's natural father, Travis Utz. On appeal from that judgment, Appellant, Jessica Utz, makes the following assignments of error:
 The trial court committed error, abused its discretion and its decision was against the manifest weight of the evidence which was prejudicial to Appellant when the trial court determined by clear and convincing evidence that Kade Anderson Utz was adjudged a "dependent child' both at the shelter care hearing and the adjudication hearing as defined by O.R.C. 2151.04
(A).
 The trial court committed error, abused its discretion and its decision was against the manifest weight of the evidence which was prejudicial to Appellant when the trial court determined by clear and convincing evidence that Kade Anderson was adjudged an "abused child" as defined by O.R.C. 2151.031.
 The trial court committed error prejudicial to Appellant and the Court abused its discretion when it awarded Travis Utz, the natural father, the custody of the parties' minor child.
Appellate Rule 18 (C) states in pertinent part:
 If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain the action.
Appellee has not filed a brief in this appeal. There is no certified transcript on appeal or agreed statement of facts. Thus, we are accepting Appellant's statement of facts and issues as correct pursuant to App. Rule 18(C). Upon a reading of the brief, Appellant's arguments reasonably support a reversal. Therefore we do not address the individual assignments of error with particularity.
The complaint filed by the maternal grandmother, Sara Awbrey, alleged that Kade Utz was abused and dependent because "of the acts of his parents or guardian, or custodian [he] suffers physical or mental injury that harms or threatens to harm the child's health or welfare, to-wit: child was struck in head; mother is basically without residence, in violation of R.C. § 2151.031(C)(D) (Abused Child) and * * * is homeless or destitute or without adequate parental care, in violation of R.C. § 2151.04
(Dependent Child)".
A finding of abuse or dependency must be supported by clear and convincing evidence. R.C. 2151.35. "Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Inre Weaver 1992), 79 Ohio App.3d 59, 64, 606 N.E.2d 1011.
"Abused Child" is defined in R.C. 2151.031 to include "any child" who:
 (C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at a variance with the history given of it. * * *
 (D) Because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare.
 "Dependent child" is defined in R.C. 2151.04 to include "any child":
 Who is homeless or destitute or without adequate parental care, through no fault of the child's parents or guardian, or custodian;
 Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
 Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
In addition, the determination that a child is dependent requires no showing of fault on the parent's part. Instead, the focus is solely upon the child's "condition or environment," to determine "whether the child is without proper (adequate) care or support." In re Riddle (1997), 79 Ohio St.3d 259, 262,680 N.E.2d 1227. When a child is receiving proper care from her parents or relatives to whom the parent has entrusted the child's care, then the child is not a dependent child. Id.
Once a finding of abuse or dependency has been made the trial court must hold a dispositional hearing to decide the proper placement of the child. R.C. 2151.35 Once a child is found abused or dependent, the court may consider the following placements at the dispositional hearing:
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child. R.C. 2151.353
The trial court's decision regarding the disposition of the child is reviewed for an abuse of discretion. Riddle,79 Ohio St.3d at 265, 680 N.E.2d 1227; In re Ward (1992) 75 Ohio App.3d 377, 379,599 N.E.2d 431
In this case the trial court held a shelter care hearing and granted Sara Awbrey, the maternal grandmother, temporary custody of Kade until a formal hearing to determine whether or not Kade was abused and dependent could be scheduled. At the formal hearing, the trial court, after the presentation of evidence, found that Kade was abused and dependent and pursuant to 2151.35
held a dispositional hearing. At the dispositional hearing the trial court granted permanent custody of Kade to his natural father, Travis Utz.
The trial court made the following conclusions:
 "At the conclusion of the testimony, the Court does find by clear and convincing evidence that the child was an abused child as defined by R.C. Section 2151.031(C) and also a dependent child as defined in R.C. Section 2151.04(A). Therefore it is ordered, adjudged and decreed that the child is adjudged an abused and dependent child."
The judgment entry issued by the trial court contains no findings of fact to support its conclusions that Kade Utz was dependent or abused. Further, the undisputed evidence before us on appeal does not support an award of permanent custody to Kade's natural father.
Once again we note that in the circumstances, pursuant to App.R.18(C) this Court's review is confined to the evidence presented by the Appellant, Jessica Utz in her Appellate brief. The facts and evidence presented by Appellant Jessica Utz not only contain no evidence in support of the conclusions reached by the trial court but, the facts and evidence presented by Jessica Utz on appeal reveal that the conclusions reached by the Court of Common Pleas are unsupported. Therefore, we reverse the judgment of the Court of Common Pleas of Crawford County.
Appellant, Jessica Utz, Kade's natural mother, presents the following facts as evidence in support of her argument that the trial court erred by finding Kade "abused and dependent" and removing him from her custody and instead granting permanent custody to Kade's natural father:
 At the time Jessica Utz was removed from the house, she was a full time student and unemployed and Phillip was seeking employment. Phillip Knox had no legal obligation to provide support to Kade.
 That at all times the mother (Jessica) made sure that Kade was properly provided for. There were never any allegations or proof that the child was not properly being fed, properly sheltered or did not receive proper medical attention.
 Jessica Utz at the time of the shelter care hearing had acquired a permanent residence at her father's home in Marion, Ohio.
 At the adjudicatory hearing Jessica Utz and Phillip Knox had both retained employment making collectively over $40,000 per year.
Kade had medical insurance and day care.
 There was no testimony that Kade was not being properly fed, clothed, cared for. Furthermore, the evidence presented to the court supported the finding that Jessica Utz was a good mother.
 The evidence presented at trial did not establish that Phillip Knox hit Kade Utz in the face.
 The doctor's report presented at trial concluded that Kade's injuries were consistent with a fall down the stairs. Moreover, there was evidence that Kade often had purple spots on his face and other body parts due to allergies and that the swelling was due in part to those allergies and was not the result of a slap by Phillip Knox.
 No one who testified at trial ever saw Phillip Knox or Jessica Utz hit Kade Utz.
The evidence presented by Appellant reveals that the Kade's physical injury was caused by accidental means and that at no time was Kade homeless or destitute or lacking in adequate parental care. Moreover, the Supreme Court of Ohio has determined that as long as the child is receiving proper care either from the parents or relatives to whom the parent has entrusted the child, then the child is not a dependent child. Riddle, at 265. It naturally follows then that without a finding of abuse or dependency as alleged the trial court abused its discretion when it terminated Jessica's permanent custody of Kade and ordered that Travis Utz, Kade's natural father, be designated the residential parent.
The evidence offered by Jessica Utz reasonably appears to the errors presented on appeal. Therefore, we sustain the cassignments of error. The judgment of the Court of Common Pleas of Crawford County is reversed.
 ____________________________ SHAW, J.
HADLEY, P.J., and WALTERS, J., concur.